# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN DUNN, | ) |
|        Plaintiff, | ) |
| vs. | )    CIVIL NO. 08-cv-406-WDS |
| MENARD CORRECTIONAL OFFICIALS, *et al.*, | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Cout on Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2). Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3).

With regard to his motion to proceed *in forma pauperis*, Plaintiff has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint or an affidavit that includes a statement of his assets as required by § 1915(a)(1). Therefore, Plaintiff will be directed to submit a copy of his trust fund account statement and a proper financial affidavit.

With regard to his motion for appointment of counsel, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does

the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion for appointment of counsel will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a[certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint and an affidavit that includes a statement of his assets. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court. Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

**DATED: July 15, 2008.**

                                                  **s/ WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**