# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN DUNN,                    )

                        )

          **Plaintiff,**       )

                        )

vs.                       )       CIVIL NO. 08-cv-406-WDS

                        )

MENARD CORRECTIONAL CENTER, *et*  )

*al.*,                     )

                        )

         **Defendants.**

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate at the Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for allegedly violating his right to due process of law in connection with his confinement in administrative segregation. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

<u>**THE COMPLAINT**</u>

Plaintiff alleges that on September 14, 2006, while confined at the Menard Correctional Center, he was searched by Defendant Hume. Plaintiff admits that Hume found three pieces of paper in the pocket of Plaintiff's pants. Plaintiff acknowledges that the paper contained personal information on three individuals, including their Social Security numbers. Plaintiff claims that he had the information in connection with his criminal case. Nevertheless, Plaintiff was charged with violating institutional rules, found guilty, and was placed in administrative segregation for three months. It appears that this conduct violation was ultimately expunged during the grievance process. Plaintiff claims that he was denied due process of law in connection with this conduct violation. <u>**DISCUSSION**</u>

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7ᵗʰ Cir.

1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for three months. Nothing in the complaint suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit and his complaint must be dismissed.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). **IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 7) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: September 29, 2008.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**